NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RD LEGAL FUNDING, LLC,<br><br>Plaintiff,<br>v.<br><br>BARRY A. COHEN, P.A., et al.,<br><br>Defendants. | Civil Action No.: 13-77 (JLL)<br><br>**OPINION** |

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 8]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is **granted.** Plaintiff's Complaint is dismissed in its entirety, *without prejudice*.

## BACKGROUND

Plaintiff's Complaint was filed on January 3, 2013. Plaintiff, RD Legal Funding, LLC, is engaged in the business of providing funding to attorneys and law firms by purchasing their legal fee receivables earned generally through settlements in a practice commonly known as "factoring." (Compl., ¶ 8). Defendant Barry Cohen is an attorney admitted to practice law in the State of Florida and the sole shareholder of Cohen, Jayson & Foster (hereinafter, the "Cohen firm"). (Compl., ¶ 9). Since 2004, Plaintiff entered into various agreements with the Cohen Firm, whereby Plaintiff provided funding to the Cohen Firm by purchasing certain legal fee receivables. (Compl., ¶ 11). The Cohen Firm collateralized each funding by granting Plaintiff

1

a security interest in its receivables, including attorneys' fees owed to the Cohen Firm by its clients, pursuant to duly executed security agreements. (Compl., ¶ 12).

In this regard, on or about October 10, 2007, Plaintiff and the Cohen Firm entered into a Master Assignment and Sale Agreement (hereinafter the "Agreement"), whereby the Cohen Firm agreed to assign certain legal fee receivables, including attorneys' fees, to Plaintiff. (Compl., ¶ 14).  According to Plaintiff, "the Complaint before the Court is exclusively concerned with the liability of Cohen for breaches and misrepresentations arising out of the [Agreement] . . . with its relevant Schedules, by and between Cohen and RD Legal." (Pl. Opp'n Br. at 6).   This Court's jurisdiction over Plaintiff's Complaint is premised on diversity of citizenship, 28 U.S.C. §1332.

On February 27, 2013, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.   Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).   With this framework in mind, the Court turns now to Defendants' motion.

## ANALYSIS

Defendants move to dismiss Plaintiff's Complaint on various grounds, including but not limited to, failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). The Court has carefully reviewed Plaintiff's Complaint and agrees that Plaintiff's Complaint fails to comply with the requirements of Rule 8(a) for the following reasons.

First, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. Although a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice, a complaint that fails to clearly identify the cause of action asserted in each count is equally deficient.   Plaintiff's Complaint contains ten (10) counts, several of which appear to be duplicative or overlapping, and <u>none</u> of which are properly identified.   For instance, the Court notes that counts one and two both appear to contain the same claim for breach of the Agreement, Schedule A-6, and the First Amendment thereto, as against the same Defendants (the Cohen Firm and Barry Cohen individually).  *Compare, e.g.*,

Compl., ¶ 93 ("The Cohen Firm has defaulted under the Agreement, Schedule 4-6 and the First Amendment to Schedule A-6 and breached its obligations, representations and warranties thereunder . . .") *with* ¶ 96 ("The Cohen Firm has defaulted under the Agreement, Schedule A-6 and the First Amendment to Schedule A-6, and breached its obligations, representations and warranties thereunder.").

Similarly, Count Six of Plaintiff's Complaint alleges, in its entirety, as follows:

> By virtue of the foregoing, RDLF, as assignee of RDLFP, is entitled to a judgment and order enforcing its security interest and rights in the Collateral.

(Compl., ¶ 118). It is entirely unclear to the Court what legal cause of action, if any, is asserted in this claim.

In its motion to dismiss, Defendants urge the Court to dismiss "RD's cause of action for fraud" for failure to meet the heightened pleading requirement of Rule 9(b). But the Court cannot decipher which count of Plaintiff's Complaint, if any, contains a claim of fraud. Even if Plaintiff's Complaint contained a properly labeled claim of fraud—which it does not—Plaintiff's brief in opposition to Defendants motion concedes that "the Complaint does not contain an exhaustive listing of each and every fraudulent representation made by Cohen or its representatives . . . ." (Pl. Opp'n Br. at 12). Rather, to support its alleged claim of fraud, Plaintiff indicates that the Complaint cites to provisions of one or more affidavits which contain the "specific fraudulent misrepresentations" at issue. (*Id.*) (Compl., ¶¶ 46-48). Plaintiff cannot meet its *pleading* requirements under Rule 8(a) by attaching numerous exhibits to its Complaint. While Plaintiff may ultimately rely on such exhibits to support its claim on the merits, Rule 8(a) requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to

4

relief that is plausible **on its face**.' " *Iqbal*, 556 U.S. at 678.

Second, each count of Plaintiff's Complaint contains the statement: "incorporating all previous allegations." Although there may be circumstances in which it is appropriate to incorporate certain allegations by reference, there is no question that each count of a properly pled complaint *must* contain its own cause of action *and* those particular factual allegations that would allow the court to draw the reasonable inference that the defendant is liable for that cause of action. See *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint, as currently drafted, fails to meet this requirement. *See, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

In short, the basic pleading requirements of Rule 8(a) require that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly,* 550 U.S. at 1964. While, typically, a failure to satisfy Rule 8 occurs where few or only conclusory facts are pled, a complaint like Plaintiff's also fails to satisfy this basic rule. Clearly, Plaintiff's Complaint, standing alone, has failed to put Defendants on notice of the basis of all of the claims against them. Plaintiff has pled many detailed factual allegations which *may* sufficiently support elements of its claims, but neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those claims.

Defendants' motion to dismiss Plaintiff's Complaint is, therefore, granted. Plaintiff's Complaint is dismissed *without* prejudice for failure to meet the pleading requirement of Rule

8(a) of the Federal Rules of Civil Procedure. Because the Court dismisses Plaintiff's Complaint, in its entirety, for this reason, the Court declines to address the alternative arguments raised by Defendants in support of their motion to dismiss. Defendants are free to renew such arguments in any future motion practice.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Complaint is **granted**. Plaintiff's Complaint is dismissed *without* prejudice. Plaintiff may file an Amended Complaint that cures the pleading deficiencies in each claim asserted on or before **May 10, 2013**. Plaintiff's failure to file an Amended Complaint by such date will result in dismissal of Plaintiff's original Complaint *with* prejudice. An appropriate Order accompanies this Opinion.

Date: April 1, 2013                                                                 s/ Jose L. Linares
                                                                                                Jose L. Linares, U.S.D.J.