NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RD LEGAL FUNDING, LLC,<br><br>Plaintiff,<br>v.<br><br>BARRY A. COHEN, P.A., et al.,<br><br>Defendants. | Civil Action No.: 13-77 (JLL)<br><br>OPINION |

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to, *inter alia*, Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 20]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is granted. Counts One, Two, Three, Four, Five, Six, and Ten of the Amended Complaint are dismissed without prejudice. Counts Seven, Eight, Nine and Eleven are dismissed *with* prejudice.

BACKGROUND

Plaintiff's original Complaint was filed on January 3, 2013. Plaintiff, RD Legal Funding Partners, LP, is engaged in the business of providing funding to attorneys and law firms by purchasing their legal fee receivables earned generally through settlements in a practice commonly known as "factoring." (Am. Compl., ¶ 8). Defendant Barry Cohen is an attorney admitted to practice law in the State of Florida and the sole shareholder of Cohen, Jayson & Foster (hereinafter, the "Cohen firm"). (*Id.*, ¶ 9). Since 2004, Plaintiff entered into various

1

agreements with the Cohen Firm, whereby Plaintiff provided funding to the Cohen Firm by purchasing certain legal fee receivables. (Amended Compl., ¶ 11). The Cohen Firm collateralized each funding by granting Plaintiff a security interest in its receivables, including attorneys' fees owed to the Cohen Firm by its clients, pursuant to duly executed security agreements. (Am. Compl., ¶ 12).

In this regard, on or about October 10, 2007, Plaintiff and the Cohen Firm entered into a Master Assignment and Sale Agreement (hereinafter the "Agreement"), whereby the Cohen Firm agreed to assign certain legal fee receivables, including attorneys' fees, to Plaintiff. (Amended Compl., ¶ 14). The Amended Complaint describes the specific client legal fee and settlement receivables assigned to Plaintiff by the Cohen Firm in the form of "schedules," which included payment terms, due dates, and language tying the individual schedules to the Agreement. (Am. Compl., ¶¶ 23, 38, 45). The relevant schedules concern three underlying actions: (1) the *Licata* proceeding, (2) the *Chau* action, and (3) the *Wellcare* action. (Am. Comp. p. 6-25).

According to the Amended Complaint, Barry Cohen, individually, and as shareholder of the Cohen Firm, repeatedly executed letters acknowledging that he understands that the Cohen Firm owes a "fiduciary responsibility" to Plaintiff with respect to the assets assigned pursuant to the Agreement. (Am. Compl., ¶ 17). It is further alleged that Barry Cohen, acting as shareholder of the Cohen Firm, repeatedly confirmed his understanding, in writing, that pursuant to the terms of the Agreement, if the Cohen Firm received payment of any legal fees subject to any of the schedules established under the Agreement, it would forward the actual payment check directly to Plaintiff or deposit the check in a trust account and issue a trust account check directly to Plaintiff. (*Id.*).

2

Plaintiff's Amended Complaint contains eleven causes of action against the Cohen Firm, Barry Cohen, or both collectively. These include: (1) non-payment; (2)-(3) breach of contract and non-payment; (4) breach of contract/warranty; (5)-(6) breach of contract; (7) breach of fiduciary duty; (8) negligence; (9) unjust enrichment; (10) breach of guaranties; and (11) interference with contract. Defendant argues that the Plaintiff's position in these allegations is completely unsupported in addition to the fact that a significant portion of these claims are already the subject of three prior pending New York state court actions including both Plaintiff and Defendant. (Def. Opp'n Brief pg. 1).

According to Plaintiff, "the Complaint before the Court is exclusively concerned with the liability of Cohen for breaches and misrepresentations arising out of the [Agreement] . . . with its relevant Schedules, by and between Cohen and RD Legal." (Pl. Opp'n Br. at 9). This Court's jurisdiction over Plaintiff's Amended Complaint is premised on diversity of citizenship, 28 U.S.C. §1332.

On April 1, 2013, this Court dismissed Plaintiff's original complaint, *without* prejudice, for failure to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff filed an Amended Complaint on May 9, 2013. Defendants filed a motion to dismiss Plaintiff's Amended Complaint pursuant to, *inter alia*, Rule 12(b)(6), on June 13, 2013.

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendants' motion.

## **ANALYSIS**

Defendants move to dismiss all counts of Plaintiff's Amended Complaint on various grounds, including but not limited to, failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and failure to state a claim pursuant to Rule 12(b)(6). In addition,

4

Defendants urge the Court to abstain from considering the Amended Complaint pursuant to the *Colorado River* doctrine. Thus, as a threshold matter, the Court will consider Defendants' abstention argument.

**1.      Abstention**

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, under the *Colorado River* doctrine, a federal court may abstain only under "exceptional" circumstances when parallel state proceedings could result in "comprehensive disposition of litigation."  *See id.* at 817-818. If the proceedings are parallel, the Third Circuit has weighed six factors, as discussed below, to determine if abstention is appropriate. *See Spring City Corp. v. American Bldgs. Co*. 193 F.3d 165, 171 (3d Cir. 1999).  For the reasons discussed below, the Court finds that the federal and state proceedings are not parallel and that the *Colorado River* factors weigh heavily towards exercising jurisdiction.

**A.      The Federal and State Court Proceedings are not Parallel Because the Parties and Claims are Substantially Different**

"The Colorado River doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding.*" Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). Cases are parallel if they involve the same parties and "substantially identical" claims, raising "nearly identical allegations and issues." *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (citing *Trent v. Dial Med. of Fla., Inc.,* 33 F.3d 217, 223 (3d Cir. 1994)). Here,

5

Defendants concede that the parties "are not identical" in the state and federal proceedings. (Pl. Br. 8). The first pending New York state court action is *Counsel Financial Services, LLC v. RD Legal Funding Partners* ("Counsel Action"). The second pending New York state court action is *Counsel Financial Services, LLC v. Barry A. Cohen PA* ("Cohen Action"). Cohen is not a party to the state action between Counsel and RD Legal. RD Legal Funding is not a party to the state proceeding between Cohen and Counsel.

Further, the issues in the New York state proceedings are different than the issues presented in the case before this court. Although all three cases certainly have overlapping facts, in the Counsel Action, "Counsel claims it is entitled to rescission of the Intercreditor Agreement . . . ." (Def. Br. at 3-4). The Complaint before this Court is exclusively concerned with Cohen's alleged liability for breaches and misrepresentations arising out of an entirely separate agreement—the Master Assignment and Sale Agreement ("Agreement"). Similarly, in the Cohen Action, Counsel "sought to enjoin Cohen from disbursing the Wellcare Criminal Case Proceeds . . . to RDLFP." (Def. Br. at 5). Although Plaintiff, here, claims it is entitled to, among other things, the "Wellcare Case" Proceeds—which, according to Plaintiff, includes proceeds from the Wellcare Criminal Case—the Cohen Action does not include Plaintiff as a party. Moreover, the Complaint before this Court does not pertain exclusively to Plaintiff's alleged entitlement to the Wellcare Criminal Case proceeds (by virtue of Defendants' alleged breach of the Master Assignment and Sale Agreement); rather, this case involves Cohen's alleged breach of the Master Assignment and Sale Agreement (and the schedules thereto) vis-à-vis *three* underlying actions: (1) the *Licata* proceeding, (2) the *Chau* action, and (3) the *Wellcare* action. (Am. Comp. p. 6-25).

In short, the Court finds that although, certainly, the factual circumstances underlying this case overlap with issues pending before the New York state court in the Counsel and Cohen actions, at this stage of the litigation, the Court does not conclude that the cases are parallel under *Colorado River*. To the contrary, based on the limited record before the Court at this time, it appears that the resolution of the New York state court actions will have no direct bearing on Cohen's ultimate obligations to RD Legal Funding under the Master Assignment and Sale Agreement (and the schedules thereto).

### B. The Six Colorado River Factors Weigh Heavily Towards Retaining Jurisdiction

Even if the actions were parallel, the Court does not find that this case involves "exceptional circumstances" under *Colorado River* warranting abstention. In making this determination, the Court has considered the following six (6) factors:

> (1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp.,* 193 F.3d at 171. The weight of these factors "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983). As discussed below, the six factors overwhelmingly weigh towards retaining jurisdiction.

The first two factors are not relevant here. This is not an *in rem* action and Defendant

7

does not dispute that the federal forum is equally convenient. The third factor weighs against abstention. There is no potential for piecemeal litigation between the state and federal cases. As discussed above, the parties and the claims at issue in the New York state court actions are substantively different. Further, the "Third Circuit has made clear that even though it is important to prevent piecemeal litigation, Colorado River is appropriate only when there is a strongly articulated congressional policy against such litigation." *Interfaith Cmty. Org. Inc.*, 702 F. Supp. 2d 295, 307 (D.N.J. 2010) (internal quotations and citations omitted); *see also Spring City Corp.*, 193 F.3d at 172 (holding that abstention is only warranted when there is a strong federal policy against such litigation). Defendants have not cited any such federal policy. Therefore, abstention is not warranted in order to avoid piecemeal litigation.

Although the state actions were filed first, the order of filing does not indicate that the fourth factor weighs towards abstention. Analysis of the fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 3. Although the Counsel Action was filed in 2010, Plaintiff's counsel has represented to this Court that "[n]o discovery has been done [and] no motion practice has been pursued" to date. (Pl. Br. 5, 6). Similarly, the Cohen Action was filed in 2012 and nothing in the record reflects any substantial progress in that case. (Pl. Br. at 7; Def. Br. 13). Thus, neither of the New York state court actions have progressed so far as to warrant the "exceptional circumstances" required by the *Colorado River* doctrine to require abstention.

Finally, the fifth and sixth factors in the *Colorado River* analysis also weigh in favor of exercising jurisdiction. The Third Circuit has noted that "abstention cannot be justified merely

8

because a case arises entirely under state law." *Spring City Corp.*, 193 F.3d at 172. The sixth factor is only relevant when the state court will not adequately protect the parties' interests. *Id.* If the state court is adequate, as it is here, the sixth factor carries little weight. *Id.* This Court is perfectly capable of protecting the parties' interests under New Jersey law. *See generally Am. Cyanamid Co. v. Fermenta Animal Health*, 54 F.3d 177, 180 (3d Cir. 1995) ("The district court exercised its diversity jurisdiction. This means that the law to be applied is that of the forum state—New Jersey.").

For the reasons discussed above, the Court does not conclude that the New York state court actions are parallel to this case under *Colorado River*. Further, the Court finds no "exceptional circumstances" that would nevertheless warrant abstention under *Colorado River*. Defendants' request that this Court abstain from entertaining Plaintiff's Amended Complaint pursuant to the *Colorado River* doctrine is therefore denied. The Court's denial in this regard is without prejudice to the re-raising of same, if applicable, as both actions progress.

**2.    Counts One through Six—Breach of Contract**

Counts One through Six of Plaintiff's Amended Complaint assert breach of contract claims. In particular, Count One asserts that Defendants breached the Licata Schedules to the Agreement. Count Two asserts that Defendants breached the Chau Schedules to the Agreement. Counts Three and Four assert that Defendants breached the Wellcare Schedule A-6 to the Agreement. Counts Five and Six assert that Defendants have breached all Schedules to the Agreement.

In dismissing the breach of contract claims asserted in Plaintiff's original complaint, the

Court held as follows:

> First, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. Although a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice, a complaint that fails to clearly identify the cause of action asserted in each count is equally deficient. Plaintiff's Complaint contains ten (10) counts, several of which appear to be duplicative or overlapping, and <u>none</u> of which are properly identified. For instance, the Court notes that counts one and two both appear to contain the same claim for breach of the Agreement, Schedule A-6, and the First Amendment thereto, as against the same Defendants (the Cohen Firm and Barry Cohen individually). *Compare, e.g.,* Compl., ¶ 93 ("The Cohen Firm has defaulted under the Agreement, Schedule 4-6 and the First Amendment to Schedule A-6 and breached its obligations, representations and warranties thereunder . . .") *with* ¶ 96 ("The Cohen Firm has defaulted under the Agreement, Schedule A-6 and the First Amendment to Schedule A-6, and breached its obligations, representations and warranties thereunder.").
>
> ***
>
> In short, the basic pleading requirements of Rule 8(a) require that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly,* 550 U.S. at 1964. While, typically, a failure to satisfy Rule 8 occurs where few or only conclusory facts are pled, a complaint like Plaintiff's also fails to satisfy this basic rule. Clearly, Plaintiff's Complaint, standing alone, has failed to put Defendants on notice of the basis of all of the claims against them. Plaintiff has pled many detailed factual allegations which *may* sufficiently support elements of its claims, but neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those claims.

April 1, 2013 Opinion at 3-5.

Having closely reviewed Counts One through Six, the Court finds that Plaintiff has failed to cure the pleading deficiencies in its breach of contract claim(s) previously addressed by the

Court in its April 1, 2013 Opinion. For instance, Counts Three and Four both appear to assert the same breach of the same portion of the same agreement—namely, breach of the Wellcare Schedule A-6 to the Master Assignment and Sale Agreement. *Compare* Count Three, ¶¶ 108-109 ("The Cohen Firm has breached the Agreement and Wellcare Schedule A-6 by failing to tender payment to RDLFP . . . by the extended Payment Due Date . . . . As a directl result . . . RDLFP . . . has been damaged in an amount to be proven at trial, but in no event less than $6,816,177.91.") *with* Count Four, ¶¶ 114-115 ("The Cohen Firm has defaulted under the Agreement, Schedule A-6 and the First Amendment to Schedule A-6 and breached its obligations . . . thereunder because the Cohen Firm [] failed to make any payment to RDLFP on account of the legal fees it has received from the Wellcare case. . . . As the direct and proximate result of Cohen and the Cohen Firm's breaches of contract . . . RDLFP has sustained actual damages . . . [and] is entitled to a judgment in an amount to be determined at trial, but not less than the sum of $6,816,177.91"). These claims appear to be duplicative. To the extent they are not, Plaintiff has failed to articulate sufficient facts to differentiate these claims from one another.

Similarly, Counts Five and Six both appear to assert global breaches of *all* schedules to the same agreement—the Master Assignment and Sale Agreement. *Compare* Count Five, ¶¶ 120-22, 125 ("The Cohen Firm has defaulted under the Agreement and breached its obligations . . . thereunder. . . . As such, the Cohen Firm is liable to RDLF with respect to all Schedules in which amounts due from the Cohen Firm are still due and payable . . . [including] Licata schedules A-1, A-3 through A-5, Chau Schedule A-3 and Wellcare Schedule A-6 . . . By reason of the foregoing, RDLF . . . is entitled to a judgment . . . of no less than $20,758,428.34") *with*

11

Count Six, ¶¶ 131-133 ("The Cohen Firm has breached the Agreement, and each and every of the referenced Schedules thereto, including Wellcare Schedule A-6, Chau Schedule A-3 and Licata Schedules A-1, A-3, A-4 and A-5. . . By reason of the foregoing, RDLF . . . is entitled to a judgment . . . of no less than $20,758,428.34").   Not only do these two claims appear to overlap with *each other*, but they also appear to overlap with Counts One through Four—which are also based on alleged breaches by Cohen of various schedules to the Master Assignment and Sale Agreement.

Apart being duplicative and unnecessarily confusing, Counts One through Six, as currently drafted, fail to provide Defendants with "a short and plain statement of the claim showing that the pleader is entitled to relief," in violation Rule 8(a) of the Federal Rules of Civil Procedure.   The crux of Plaintiff's breach of contract claim is that Defendants have breached: (1) Wellcare Schedule A-6, (2) Chau Schedule A-3, and (3) Licata Schedules A-1, A-3, A-4 and A-5, by virtue of failing to tender payment of amounts due thereunder to the Plaintiff.   Plaintiff does not allege that Defendants have breached the foregoing schedules in multiple ways; rather, Plaintiff alleges that Defendants breached each of the *three* foregoing categories of schedules in *one* way—by defaulting on payment due thereunder.   Thus, based on these set of facts, the Court finds that Plaintiff has not stated *six* facially plausible breach of contract claims.

Because Counts One through Six are overlapping and duplicative of one another, the Court cannot decipher which of these counts, if any, does state a viable breach of contract claim. Defendants' motion to dismiss Counts One through Six is granted.   Counts One through Six are therefore dismissed *without* prejudice for failure to meet the Rule 8(a) pleading requirements. *See, e.g., Mackachinis v. McCosar Minerals, Inc.*, 2013 WL 1752472, at *3 (M.D. Pa. April 23,

2013) ("The court finds that plaintiffs' count I for 'failure of consideration' is duplicative of the breach of contract claim plaintiffs allege in count II. As such, count I will be dismissed with prejudice."); *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 626–27 (E.D. Pa. 2010) (dismissing a count where it was "nothing more than duplicative" of other counts in a complaint); *Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc.,* 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000) (dismissing a count that "merely duplicates" another count). Although the Court has already afforded Plaintiff with an opportunity to cure the pleading deficiencies in its breach of contract claim(s), in the interest of fairness, the Court will grant Plaintiff with one more opportunity to re-plead its breach of contract claim(s) in a manner that complies with Rule 8(a).

### 3. Counts Seven, Eight and Eleven—Tort Claims

Count Seven of Plaintiff's Amended Complaint asserts a breach of fiduciary duty claim. Count Eight asserts a claim of negligence. Count Eleven asserts a claim of tortious interference with a contract. Defendants move to dismiss these three counts on the basis that, under New Jersey law, Plaintiff RD Legal Funding has no right to bring a tort claim of its assignor, RDLFP.

This Court agrees that "New Jersey courts have consistently held that, as a public policy matter, tort claims cannot be assigned before judgment." *Integrated Solutions, Inc. v. Serv. Support Specialties, Inc*., 124 F.3d 487, 490 (3d Cir.1997); *see Costanzo v. Costanzo*, 248 N.J. Super. 116, 121 (Law Div. 1991) ("[I]n New Jersey, as a matter of public policy, a tort claim cannot be assigned."); *see, e.g., In re O'Dowd*, 233 F.3d 197, 201 (3d Cir. 2000) ("A true purchase of the omitted claims would have been void under the New Jersey common law

13

prohibition against assigning prejudgment tort claims.").

Plaintiff RD Legal Funding does not dispute that: (a) it asserts the tort claims of breach of fiduciary duty, negligence and tortious interference on behalf of RDLFP, (b) a pre-judgment tort claim cannot be assigned under New Jersey law.  *See generally In re Estate of Lash*, 169 N.J. 20, 27 (2001) ("Breach of fiduciary duty is a tort").   Nor does Plaintiff dispute that New Jersey law applies to its tort claims. *See generally Am. Cyanamid,* 54 F.3d at 180.  In light of the foregoing, Plaintiff has failed to state a claim of breach of fiduciary duty, negligence and/or tortious interference that is plausible on its face.  *See, e.g., Conopco, Inc. v. McCreadie*, 826 F. Supp. 855, 867 (D.N.J. 1993) ("It is clear that under New Jersey law, choses in action arising out of tort are not assignable prior to judgment. Because Conopco asserts its claims of professional negligence and malpractice only as an assignee, those tort claims must fail as a matter of law."). Defendants' motion to dismiss the foregoing claims is granted.  Counts Seven, Eight and Eleven of Plaintiff's Amended Complaint are hereby dismissed *with* prejudice.

### 4.     Count Nine—Unjust Enrichment

Defendants move to dismiss this claim on the basis that a plaintiff may not bring an unjust enrichment claim when it is a party to a valid contract governing the parties' rights and obligations.  (Def. Br. at 39).

To state a claim for unjust enrichment under New Jersey law, a Plaintiff must establish that the "defendant received a benefit and that retention of that benefit without payment would be unjust" and that Plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant

beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). Moreover, under New Jersey law, "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties." *Van Orman v. Am. Ins. Co.,* 680 F.2d 301, 310 (3d Cir. 1982).

The Amended Complaint alleges that "on or about June 3, 2009, RDLFP and the Cohen Firm executed Schedule A-6 to the Agreement, whereby RDLFP purchased $4,200,000 of the Cohen Firm's legal fees, for the sum of $3,042,740.84." (Am. Compl., ¶ 45).  Count Nine of Plaintiff's Amended Complaint alleges that "[b]y receiving the sum of $3,042,740.84 as part of the Schedule A-6 Purchase Price in connection with the Agreement and Schedule A-6, [and failing to remit payment of the $4,200,000 legal fees due thereunder], the Cohen Firm has been unjustly enriched in the amount of $3,042,740.84." (Am. Compl., ¶ 154).

As a preliminary matter, Plaintiff admits that its relationship with the Defendants was governed by "various agreements." (Am. Compl., ¶ 11); *see* also Pl. Opp'n Br. at 9 ("the Complaint before the Court is exclusively concerned with the liability of Cohen for breaches arising out of the MASA [Agreement], with its relevant Schedules, by and between Cohen and RD Legal.").

Since unjust enrichment is "not an independent theory of liability, but is the basis for a claim of quasi-contractual liability," a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim. *Goldsmith v. Camden County Surrogate's Office*, 408 N.J. Super. 376, 382 (App. Div. 2009).  Although a plaintiff may, as a general matter, plead legal theories in the alternative, the Court finds that there is no bona fide dispute that the allegations and events as pled in the Amended Complaint which gave rise to the *six* breach of contract

causes of action (Counts One through Six) are the same as those which gave rise to the unjust enrichment claim.  Plaintiff does not allege that Defendants were enriched beyond their contractual rights under the Agreement.  Nor is there any allegation by the Plaintiff that the Agreement (or any of the Schedules thereto) are invalid or otherwise unenforceable.  Thus, because Plaintiff concedes that its relationship with the Defendants is governed—in its entirety—by a valid and binding contract, Plaintiff has failed to state a facially plausible claim of unjust enrichment under New Jersey law.  *See Van Orman*, 680 F.2d at 310 ("[R]ecovery under unjust enrichment may not be had [under New Jersey law] when a valid, unrescinded contract governs the rights of the parties.").  Defendants' motion to dismiss Count Nine of Plaintiff's Amended Complaint is granted.  Plaintiff's unjust enrichment claim is hereby dismissed *with prejudice*.

### 5.     Count Ten—Personal Guaranty

Count Ten alleges a breach of guaranty claim as against Defendant Barry Cohen, individually.  In particular, Count Ten alleges that: on or about June 3, 2009, in exchange for good and valuable consideration, Barry Cohen executed and delivered Performance Guaranties to RDLFP; the Cohen firm has defaulted in the performance of its obligations under the Agreement; as a direct result of these breaches of the Agreement, RD Legal Funding, as assignee of RDLFP has been damaged; Barry Cohen has defaulted under the Performance Guaranties by failing and refusing to cure the Cohen Firm's defaults under the Agreement; and, as a result, Barry Cohen is personally liable to RD Legal Funding for damages sustained as a result of the Cohen Firm's breach of the Agreement. (Am. Compl., ¶¶ 157-162).

This claim is cognizable only to the extent that Plaintiff has stated a viable breach of contract claim. Having dismissed all six of Plaintiff's breach of contract causes of action, this claim must also be dismissed, without prejudice. To the extent Plaintiff chooses to cure the pleading deficiencies in its breach of contract claim(s), Plaintiff may re-plead this claim, as well.

### 6. Failure to Join an Indispensable Party

Finally, Defendants move to dismiss the Amended Complaint, in its entirety, on the basis that Plaintiff has failed to join an indispensable party, pursuant to Federal Rule of Civil Procedure 12(b)(7). "Federal Rule of Civil Procedure 19 specifies the circumstances in which the joinder of a particular party is compulsory." *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).

Although the Court has found that dismissal of all counts of the Amended Complaint is warranted for other reasons, in the interest of judicial economy, the Court notes that in opposition to this aspect of Defendants' motion, Plaintiff argues, generally, that joinder is not a basis for dismissal. Plaintiff cites to absolutely no legal authority in support of its position. Because Federal Rule of Civil Procedure 12(b)(7) indisputably allows a defendant to move to dismiss a complaint for "failure to join a party under Rule 19," Plaintiff cannot argue that "joinder is not a basis for dismissal" without providing the Court with a more in-depth legal analysis and citation to proper legal authority.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Amended Complaint is granted. Counts Seven, Eight, Nine and Eleven are dismissed *with* prejudice.

Counts One, Two, Three, Four, Five, Six, and Ten of the Amended Complaint are dismissed *without* prejudice. To the extent the pleading deficiencies in Counts One, Two, Three, Four, Five, Six, and Ten of the Amended Complaint can be cured by way of amendment, Plaintiff may file a Second Amended Complaint on or before **September 23, 2013**. Failure to file a Second Amended Complaint by such date will result in dismissal, *with prejudice*, of Counts One, Two, Three, Four, Five, Six, and Ten.

Date:  August 6, 2013                                          s/ Jose L. Linares
                                                                             Jose L. Linares, U.S.D.J.