NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RD LEGAL FUNDING, LLC, <br><br> Plaintiff, <br> v. <br><br> BARRY A. COHEN, P.A., et al., <br><br> Defendants. | Civil Action No.: 13-77 (JLL) <br><br> **OPINION** |

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to, *inter alia*, Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 30]. The Court has considered the submissions made in support of and in opposition to the instant motion, which is returnable today. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is **denied**.

## BACKGROUND

Plaintiff's Second Amended Complaint was filed on September 24, 2013.[1] Plaintiff RD

---

[1] It appears that page number 17 is missing from the version of Plaintiff's Second Amended Complaint that was filed on the Court's electronic docket on September 24, 2013. Plaintiff's counsel represents that this was due to a scanning error and, as a result, has attached a copy of the properly scanned Second Amended Complaint as Exhibit A to its brief in opposition to Defendants' motion to dismiss. *See* Docket Entry No. 31, Ex. A. It also appears that Plaintiff's revised Second Amended Complaint has corrected paragraphs 82 and 89, which appeared to incorporate (by number) allegations from a prior iteration of Plaintiff's complaint. Although Defendants apparently object to the Court's consideration of this amended document on the basis that it was filed without leave of Court, Defendants do not suggest that Plaintiff has made any substantive changes to the document originally filed as the Second Amended, other than including page number 17 and revising the numerical references to certain paragraphs contained in paragraphs 82 and 89; thus, there is no indication that Defendants have been—or

Legal Funding, LLC and its affiliate RD Legal Funding Partners, LP ("RDLFP") (collectively, "Plaintiff") are engaged in the business of providing funding to attorneys and law firms by purchasing their legal fee receivables earned generally through settlements in a practice commonly known as "factoring." (Sec. Am. Compl., ¶ 8). Defendant Barry Cohen is an attorney admitted to practice law in the State of Florida and is the sole shareholder of the Cohen Firm. (*Id*., ¶ 9). Since 2004, Plaintiff entered into various agreements with the Cohen Firm, whereby Plaintiff provided funding to the Cohen Firm by purchasing certain legal fee receivables. (*Id*., ¶ 11). The Cohen Firm collateralized each funding by granting Plaintiff a security interest in its receivables, including attorneys' fees owed to the Cohen Firm by its clients, pursuant to duly executed security agreements. (*Id*., ¶ 12).

In this regard, on or about October 10, 2007, Plaintiff and the Cohen Firm (then known as Cohen, Jayson & Foster, P.A.) entered into a Master Assignment and Sale Agreement (hereinafter the "Agreement"), whereby the Cohen Firm agreed to assign certain legal fee receivables, including attorneys' fees, to Plaintiff. (*Id*., ¶ 14). The Second Amended Complaint describes the specific client legal fee and settlement receivables assigned to Plaintiff by the Cohen Firm in the form of "schedules," which included payment terms, due dates, and language tying the individual schedules to the Agreement. (*Id*., ¶¶ 23, 38, 45). The relevant schedules concern three underlying actions: (1) the *Licata* proceeding, (2) the *Chau* action, and (3) the *Wellcare* action.

---

will be—prejudiced by virtue of the Court's consideration of the properly scanned Second Amended Complaint. Moreover, the arguments raised by Defendants in their motion to dismiss appear to apply equally to the properly scanned/revised Second Amended Complaint. Given these circumstances, in the interests of fairness and judicial of economy, the Court will accept and consider the properly scanned/revised Second Amended Complaint, which includes page number 17, as the operative complaint in this matter. *See generally* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

According to the Second Amended Complaint, Barry Cohen, individually, and as shareholder of the Cohen Firm, repeatedly confirmed his understanding, in writing, that pursuant to the terms of the Agreement, if the Cohen Firm received payment of any legal fees subject to any of the schedules established under the Agreement, it would forward the actual payment check directly to Plaintiff or deposit the check in a trust account and issue a trust account check directly to Plaintiff. (Sec. Am. Compl., ¶ 17).

Plaintiff's Second Amended Complaint contains four causes of action against the Cohen Firm, Barry Cohen, and/or both. These include: (1) breach of contract (for non-payment of the Licata schedules to the Agreement); (2) breach of contract (for non-payment of the Chau schedule to the Agreement); (3) breach of contract (for non-payment of the Wellcare Schedule of the Agreement); and (4) breach of personal guaranty provided by Barry Cohen. This Court's jurisdiction over Plaintiff's Second Amended Complaint is premised on diversity of citizenship, 28 U.S.C. §1332.

The Court has ruled on two prior iterations of Plaintiff's complaint. Most recently, on August 6, 2013, this Court dismissed four counts of Plaintiff's Amended Complaint with prejudice (namely, three tort claims and a claim of unjust enrichment) and dismissed seven counts without prejudice to the re-pleading of same (namely, six breach of contract claims and one breach of personal guaranty claim). As it relates to the claims that were dismissed without prejudice, the Court concluded that:

> Apart being duplicative and unnecessarily confusing, Counts One through Six, as currently drafted, fail to provide Defendants with "a short and plain statement of the claim showing that the pleader is entitled to relief," in violation Rule 8(a) of the Federal Rules of Civil Procedure. The crux of Plaintiff's breach of contract claim is that Defendants have breached: (1) Wellcare Schedule A-6, (2) Chau

3

> Schedule A-3, and (3) Licata Schedules A-1, A-3, A-4 and A-5, by virtue of failing to tender payment of amounts due thereunder to the Plaintiff. Plaintiff does not allege that Defendants have breached the foregoing schedules in multiple ways; rather, Plaintiff alleges that Defendants breached each of the three foregoing categories of schedules in one way—by defaulting on payment due thereunder. Thus, based on these set of facts, the Court finds that Plaintiff has not stated six facially plausible breach of contract claims.
>
> Because Counts One through Six are overlapping and duplicative of one another, the Court cannot decipher which of these counts, if any, does state a viable breach of contract claim. Defendants' motion to dismiss Counts One through Six is granted. Counts One through Six are therefore dismissed without prejudice for failure to meet the Rule 8(a) pleading requirements.

(Aug. 6, 2013 Opinion at 9-13). The Court also dismissed Plaintiff's breach of personal guaranty claim on the basis that said claim is cognizable only to the extent that Plaintiff has stated a viable breach of contract claim; thus, because the Court dismissed all six breach of contract causes of action asserted in the Amended Complaint, the Court also dismissed, without prejudice, Plaintiff's breach of personal guaranty claim as against Barry Cohen.

Plaintiff filed a Second Amended Complaint on September 24, 2013. Defendants filed a motion to dismiss the Second Amended Complaint pursuant to, *inter alia*, Rule 12(b)(6), on October 28, 2013.

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendants' motion.

## ANALYSIS

Defendants move to dismiss all counts of Plaintiff's Second Amended Complaint on two general grounds: failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a), and failure to state a claim pursuant to Rule 12(b)(6). The Court has carefully considered Defendants' arguments and, based on the reasons that follow, concludes that Defendants' motion to dismiss should be denied in its entirety.

**1.     Rule 8(a) Arguments**

First, Defendants generally raise the same Rule 8(a) arguments previously raised in support of dismissal of the claims asserted in Plaintiff's original complaint and the Amended Complaint.

5

For instance, Defendants argue that Plaintiff's Second Amended Complaint is a "prolix" complaint that remains confusing and inconsistent. This Court disagrees. Plaintiff has narrowed his seemingly duplicative six breach of contract claims as against the Cohen Firm into three straightforward breach of contract claims. In particular, Plaintiff has heeded this Court's instruction and has amended his complaint to assert a single breach of contract claim as to each Schedule of the Agreement that Plaintiff alleges the Cohen Firm breached. Count One alleges breach of the Licata Schedule by the Cohen Firm, Count Two alleges breach of the Chau Schedule by the Cohen Firm, and Count Three alleges breach of the Wellcare Schedule by the Cohen Firm.

To state a claim for breach of contract under New Jersey law, the plaintiff must allege facts demonstrating that: "(1) the parties entered into a valid contract, (2) the defendant did not perform his or her obligations under the contract, and (3) the plaintiff suffered damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265, 920 A.2d 678 (App. Div. 2007). Plaintiff's Second Amended Complaint alleges that the Cohen Firm breached these three specific Schedules to the Agreement by failing to tender payment of amounts due thereunder to Plaintiff. The Second Amended Complaint goes on to allege that, as a result of the Cohen Firm's breach of the three Schedules to the Agreement, respectively, Plaintiff has sustained monetary damage in different amounts corresponding to the particular Schedules. *See* Sec. Am. Compl., ¶¶ 74, 81, 88. In light of the foregoing, the Court concludes that Plaintiff has cured the pleading deficiencies raised by the Court in its prior opinions as it pertains to the breach of contract claims against the Cohen Firm.

Count Four, separately, alleges that on or about June 3, 2009, in exchange for good and valuable consideration, Barry Cohen executed and delivered to Plaintiff personal Performance

6

Guaranties as it relates to the Cohen Firm's obligations under the Agreement; the Cohen firm has defaulted in the performance of its obligations under the Licata, Chau and Wellcare Schedules to the Agreement; as a direct result of these breaches of the Agreement, RD Legal Funding, as assignee of RDLFP has been damaged; Barry Cohen has defaulted under the Performance Guaranties by failing and refusing to cure the Cohen Firm's defaults under the Agreement; and, as a result, Barry Cohen is personally liable to RD Legal Funding for damages sustained as a result of the Cohen Firm's breach of the Agreement. (Sec. Am. Compl., ¶¶ 89-95). Plaintiff's incorporation by reference of those allegations asserted in connection with the three breach of contract claims are appropriate in this instance given that this particular claim is premised entirely on the existence of those alleged breaches. Thus, the Court finds that Plaintiff has stated a claim for breach of personal guaranty that is plausible on its face.

For the reasons stated above, the Court concludes that Plaintiff's three breach of contract claims against the Cohen Firm and breach of personal guaranty claim against Barry Cohen meet the Rule 8(a) pleading requirement inasmuch as such claims are each supported with sufficient factual content to provide Defendants with adequate notice of the nature of the claims being asserted against them.

**2.   Rule 12(b)(6) Arguments**

Defendants next argue that Counts One, Two and Three—all of which assert breach of contract claims against the Cohen Firm—fail to state a claim upon which relief may be granted because the allegations of default upon which they are based conflict with the Exhibits attached to the Second Amended Complaint. In particular, Defendants argue:

7

> Nothing in the Agreements attached as Exhibits 1 and 2 or the Schedules referenced therein sets a payment due date. This is because, in RD's view, it is "buying" legal fees and is to receive them whenever they are paid. This is clear because the "Schedule Supplements" to Schedules A-1, A-3 and A-6 in Exhibits 3, 4 and 5 provide for an "increase in the Purchase Price" depending on when the legal fee "bought" is actually paid by the client and the Amendments to the Schedules provide for interest to accrue after specified dates. However, nothing in these documents provides that Cohen is the one required to make the payment of legal fees called for by the "Extended Payment Date". It is clear that the sole source of payment is the "Legal Fee" itself. All the Amendments also specify that all the underlying agreements (Master Assignments and Schedules) remain in full force and effect.
>
> Under the Agreement, the only way that Cohen could possibly be liable to directly pay the amounts claimed to be owed by RD, other than from the Legal Fee paid by a client, is pursuant to Section 10. In limited circumstances, RD can require a "repurchase" of the Legal Fee. Repurchase requires a ten (10) day advance notice and a re-assignment of the Legal Fee. Counts One, Two and Three nowhere allege that the Section 10 notice was given, that the Legal Fee or other consideration for payment in the Schedules was re-assigned to Cohen or that any other conditions precedent to possible direct liability by Cohen has occurred.

(Def. Br. at 7-8). Although Defendants ultimately might succeed in advancing the foregoing arguments, the standard on a motion to dismiss is not whether Plaintiff's claim(s) will ultimately succeed or even the probability of their success; rather, in order to state a claim for purposes of Rule 12(b)(6), Plaintiff must simply allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of such claim(s). *Twombly*, 550 U.S. at 556. Defendants do not claim that Plaintiff has failed to meet this pleading standard or that they have failed to receive adequate notice of the nature of the breach of contract claims being asserted against them; rather, Defendants urge the Court to test the actual merits of Plaintiff's breach of contract claims at this time. This is inappropriate on a Rule 12(b)(6) motion, particularly before the parties have

had the benefit of discovery. *See generally Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Twombly*, 550 U.S. at 570).

For the reasons stated above, the Court concludes that Plaintiff has stated three facially plausible breach of contract claims against the Cohen Firm. Defendants' motion to dismiss such claims pursuant to Rule 12(b)(6) is therefore denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is **denied** in its entirety. Plaintiff is hereby directed to immediately re-file, on the Court's electronic docket, the revised/properly scanned Second Amended Complaint—which was attached to Plaintiff's brief in opposition to Defendants' motion to dismiss—as the operative complaint in this matter.

An appropriate Order accompanies this Opinion.

Date: December 2, 2013                                         s/ Jose L. Linares
                                                               Jose L. Linares, U.S.D.J.